## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

Sean Allan Noe

February 3, 2003

Case No. 01-39

By Judge Edward L. Hogshire

Sean Allan Noe is charged with violating the terms and conditions of probation. At issue is whether Defendant, who was under Home/Electronic Incarceration ("HEI") at the time of the alleged violation, was under conditions of probation. For reasons articulated below, this court finds that Defendant was not under conditions of probation.

*Facts*

On October 24, 2001, Defendant was sentenced to ninety days for driving a motor vehicle on a highway while in violation of Va. Code § 18.2-266 after having been adjudged to be a habitual offender and three years with all but six months suspended for operating a motor vehicle while under the influence of alcohol, his third such offense in ten years. He began serving his sentence in the Albemarle-Charlottesville Regional Jail ("ACRJ") in November of 2001. In March of 2002, this court ordered that the remainder of Defendant's active sentence be served under the HEI program. At that time, the Defendant was not placed under the supervision of a probation officer, but remained under the supervision of the ACRJ. He was subsequently found in violation of the program by the ACRJ staff and was returned to jail to serve the remainder of his sentence.

126

*Question Presented*

Was Defendant under conditions of probation while under HEI at the time of the alleged violation?

*Analysis*

This Court's Sentencing Order dated November 2, 2001, states that Defendant's probation is to "commence on his release from incarceration, under the supervision of a Probation Officer. . . ." The Order dated March 13, 2002, stated, "the Court orders the remainder of the defendant's *active sentence* be served under the Home/Electronic Incarceration Program." (emphasis added). The latter order did not provide that Defendant would be under the supervision of a probation officer while under HEI. Because Defendant was not placed under the supervision of a probation officer, had not completed the terms of his active sentence, and was not released from incarceration, he was not yet under conditions of probation.

The mere fact that Defendant was under HEI does not indicate that he was under conditions of probation. Although Va. Code § 53.1-131.2(A) states that the court "may . . . assign the offender to a home/electronic incarceration program as a condition of probation," Subsection C of the same statute makes it clear that the court is also empowered to assign an offender to serve all or part of his active sentence under HEI. This subsection states in relevant part:

> Any person who has been sentenced to jail or convicted and sentenced to confinement in prison but is actually serving his sentence in jail, after notice to the attorney for the Commonwealth of the convicting jurisdiction, may be assigned by the sheriff to a home/electronic incarceration program under the supervision of the sheriff, the administrator of a local or regional jail, or a Department of Corrections probation and parole office. . . . However, if the offender violates any provision of the terms of the home/electronic incarceration agreement, the offender may have the assignment revoked and, if revoked, shall be held in the jail facility to which he was originally sentenced.

Virginia Code § 53.1-131.2(C)

Accordingly, the Court finds that, since Defendant was not under conditions of probation at the time of the alleged offense, he cannot be sanctioned for a probation violation for this conduct. Thus, the probation violation will be dismissed.